UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | Cause No.:3:16-cv-140-RLM |
| | ) | (Arising from 3:13-cr-9-RLM) |
| DARRIUS D. AGNEW | ) | |

OPINION AND ORDER

Darrius Agnew pleaded guilty to receiving stolen firearms in violation of 18 U.S.C. § 922(j), and on September 11, 2013 the court sentenced him to 120 months imprisonment. Mr. Agnew didn't appeal, but on March 10, 2016 he filed a petition to vacate his sentence under 28 U.S.C. § 2255.

Under § 2255, a person convicted of a federal crime can challenge his sentence on the grounds that the sentence was imposed in violation of the Constitution or laws of the United States, that the court had no jurisdiction to impose such sentence, the sentence exceeded the maximum authorized by law, or that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). An evidentiary hearing isn't required if "the motion and files and records of the case conclusively show that the petitioner is entitled to no relief." 28 U.S.C. § 2255 (2012). After reviewing Mr. Agnew's petition and the record of this case, the court concludes that Mr. Agnew's claims can be resolved on the record and no hearing is needed. See Menzer v. United States, 200 F.3d 1000, 1006 (7th Cir. 2000) (hearing not required where the record conclusively demonstrates that a petitioner is entitled to no relief on § 2255 motion).

In his plea agreement, Mr. Agnew waived his right to collaterally attack his sentence on any grounds. The plea agreement was signed by Mr. Agnew, his attorney Matthew Soliday, and Assistant United States Attorney Donald Schmid, and contained the following language in paragraph 9(d):

> I expressly waive my right to appeal my conviction, my sentence, and any restitution order to any Court on any ground, including any claim of ineffective assistance of counsel. I also agree not to contest my conviction, my sentence, any restitution order imposed, or the manner in which my conviction, the sentence or the restitution order was determined or imposed on any ground including any alleged ineffective assistance of counsel in any appeal under Title 18, United States Code, Section 3742, or any post-conviction proceeding, including but not limited to, a proceeding under Title 28, United States Code, Section 2255.

(Doc. No. 20).

Despite this explicit waiver in his plea agreement, Mr. Agnew is now seeking precisely the sort of post-conviction sentencing relief he agreed not to seek. Mr. Agnew's petition doesn't explain his claims in detail; each of his three grounds for review simply identifies a section of the sentencing guidelines that applied to enhance his sentence, and states that he challenges the enhancement "pursuant to the United States Supreme Court case of United States vs Johnson court case 13-7120." The petition gives no elaboration or argument beyond that single sentence. Construing the petition liberally, the court assumes Mr. Agnew is trying to argue that the Supreme Court's ruling in Johnson v. United States, 135 S. Ct. 2551, 2555 (2015) rendered the three sentencing enhancements he challenges unconstitutional.

Mr. Agnew stated during the May 2013 change of plea hearing that he had read and understood the terms of the plea agreement, discussed the plea agreement with his attorney, and understood he was giving up his right to appeal or otherwise challenge his sentence. These sworn statements at the change of plea hearing are presumed to be truthful, Bridgeman v. United States, 229 F.3d 589, 592 (7th Cir. 2000). The plea agreement clearly and unambiguously sets forth that by pleading guilty, Mr. Agnew is waiving his right to collaterally attack his sentence with a § 2255 petition. Because Mr. Agnew's made an informed and voluntary waiver of his right to appeal or to file a § 2255 petition, that waiver "must be enforced." Nunez v. United States, 546 F.3d 450, 453 (7th Cir. 2008).

A plea agreement containing a waiver of the right to appeal and file a petition under § 2255 can be collaterally attacked in a limited number of circumstances, including challenges based upon contractual grounds such as mutual mistake or breach, United States v. Cook, 406 F.3d 485, 487 (7th Cir. 2005), when the sentence is greater than the statutory maximum sentence for the offense of conviction, United States v. Bownes, 405 F.3d 634, 637 (7th Cir. 2005), or when a defendant claims the waiver was involuntary or counsel was ineffective in negotiating the waiver, Mason v. United States, 211 F.3d 1065, 1069 (7th Cir. 2000). None of Mr. Agnew's grounds for relief implicate any of those concerns; he simply argues that a new Supreme Court case entitles him to a lesser sentence, and he wants to be resentenced with the benefit of that holding. But by explicitly waiving his right to collaterally attack his plea, Mr.

3

Agnew voluntarily assumed the risk that a favorable change in the law might occur and that he would not be able to benefit from such a change. There is nothing in the record to suggest that agreeing to take that chance was anything other than "a voluntary and intelligent choice among the alternate courses of actions open to him." Berkey v. United States, 318 F.3d 768, 773 (7th Cir. 2003) (quoting North Carolina v. Alford, 400 U.S. 25, 31 (1970)).

In addition to being foreclosed by his waiver of his appeal rights, Mr. Agnew's claims are untimely. A motion under § 2255 must be brought within one year of the latest of the following dates: the date a petitioner's judgment of conviction becomes final, the date on which an unconstitutional government impediment to the petition is removed, the date the Supreme Court first recognizes a right and makes it retroactively applicable, or the date on which the facts underlying the claim could have been reasonably discovered. 28 U.S.C. § 2255(f).

Final judgment in this case was entered in September of 2013, so Mr. Agnew's petition falls well outside the one-year limitations period after his conviction became final. Mr. Agnew hasn't alleged that any unconstitutional government action prevented him from filing earlier, and he hasn't alleged that he only recently discovered any relevant facts. He appears to rely on the Supreme Court's June 2015 decision in Johnson v. United States to make his motion timely, and he filed his petition within one year of the date Johnson issued. But

Johnson doesn't extend Mr. Agnew's filing deadline because it didn't recognize any right that is relevant to Mr. Agnew's claims.

Johnson held that the residual clause defining a "crime of violence" in the Armed Career Criminal act was unconstitutionally vague. *See* Johnson v. United States, 135 S. Ct. at 2557 (holding that enhancing a defendant's sentence under the residual clause denies the defendant due process because "the indeterminacy of the wide-ranging inquiry required by the residual clause both denies fair notice to defendants and invites arbitrary enforcement by judges."). None of the sentencing enhancements Mr. Agnew challenges involve the residual clause of the Armed Career Criminal Act. They deal with the presence of aggravating circumstances in the receipt of firearms for which the court sentenced him, not Mr. Agnew's unrelated criminal history. The first provision he challenges, U.S.S.G. § 2K2.1(b)(1)(A), enhanced his sentence by two levels because he possessed three firearms. The second, U.S.S.G. § 2K2.1(b)(4)(A), added another two levels because at least one of the firearms he possessed was stolen. The final enhancement, U.S.S.G. § 2K2.1(b)(6)(B), increased his sentence by four more levels because he possessed one of the firearms in conjunction with a felony – he stole the gun from someone else's house during a confrontation with his girlfriend. None of these enhancements require a court to decide whether a particular crime was "violent," which was the problem with the residual clause in Johnson. Because the Supreme Court's holding in Johnson said nothing

about the enhancements he challenges, Mr. Agnew has no excuse for having filed his § 2255 motion outside the one-year limitations period.

The court DENIES Mr. Agnew's motion to vacate his sentence (Doc. No. 49).

SO ORDERED.

ENTERED:  March 16, 2016

<u>         /s/ Robert L. Miller, Jr.         </u>
Judge
United States District Court